Curia, per Wakdlaw, J.
Our statutes and practice do not furnish, of themselves, a complete system of law concerning bail; but they have introduced alterations of the pre-existing law so essential, that many particulars, which at first sight seem untouched, have been thereby modified. A previous knowledge of the English practice is indispensable to the understanding of our alterations; and a careful consideration of those alterations must attend every resort to the English books of practice.
The most important of our statutes on this subject are the ninth and tenth sections of the county court Act of 1785, (7 Stat. 215,) the Act of 1809, (7 Stat. 309,) and the fourteenth, twenty-third and twenty-fourth sections of the sheriff’s Act of 1839, (11 Stat. 29, 30.)
The fundamental alteration was that which converted bail below into bail above, without changing the form of the obligation. The bail bond has, in certain peculiar cases, been accommodated to certain new powers which have been conferred, — such as that of taking bail at any time pending a suit, and that of taking new bail after ren *556 der of the principal before judgment, toties quoties ; but, in the ordinary case of bail taken at, the service of the writ, the bail bond remains in form such as was required by the stat. 23 H. 6, c. 9, P. L. App. 8; but, in substance and eifect, so far as the rights and liabilities of the bail • are concerned, the bail bond has been turned into a bail piece. As a bond, it is, howevór, still assignable according to the mode provided by the stat. 4 Anne, c. 16, § 20, P. L. 96, 2 Stat. 436; but, after the assignment, the action of debt brought upon it is subject rather- to the rules which prevail in debt upon recognizance of bail, than those which the books furnish for debt upon bail bond.
In England, bail below may procure cancellation of their bond, if the sheriff will consent that, before the return of the writ, the principal shall yield his body .to the custody of the • sheriff, in their discharge ; for such bail are taken for the security of the sheriff, and his duty is performed if he have the body ready at the return of the writ. But bail above, (of whom only the right to render can be properly predicated,) are taken by a Judge or a Judge’s commissioner ; and may be unknown to the sheriff, who has not the keeping of their recognizance. A render, to be effective for their discharge, must be a delivery of the body, accompanied by a Judge’s committitur, and followed by notice to the plaintiff’s attorney, and entry of exoneretur on the bail piece.
In our State, the sheriff’s consent is no more - required before the return of the writ than afterwards ; a Judge’s order is made unnecessary by the Act of 1809, and the notice and exoneretur seem not to be contemplated by the fourteenth section of the Act of 1839, which, recognizing, (no doubt in conformity with practice then established,) a render without these formalities, authorizes the sheriff to take bail again. The sheriff is the only officer to whom the bond and all pertaining to it must necessarily be known; he or his assignee has possession of it; he becomes chargeable after the render, and the same consistency which dispensed with a Judge’s order or commitment,; may well give effect, as a sufficient render, to the delivery of the *557 body only, either with or without an entiy on the bond by the sheriff.
In conformity with the indulgence extended by the&English courts to the bail, after the return of the ca. sa., it is admitted that here the bail may be permitted to render the principal at any time before the end of the term to which service of effective process against the bail has been returned ; but it has been supposed that, after the return of the ca. sa. and assignment of the bail bond, no render can be made without an order of court. The assignment is an immaterial circumstance; it may, it is said, be made before the forfeiture of the bond, (4 Barn, and Ores. 864; 23d. sec. Act of 1839,) — at any rate, it deprives the bail neither of their rights nor of the favor of the court, and after it, the sheriff’s books ought to afford the means of sufficient information to regulate the sheriff’s conduct about the render.
After lodgment of the ca. sa., and before its return, the sheriff may be said to hold, by virtue of the ca. sa., the body then rendered. But before judgment, and after judgment before ca. sa. lodged, the sheriff’s authority to receive and hold the body of a principal then rendered, although undoubted, can be referred to no writ of execution or order of court, but depends upon the original order of arrest connected with the right of bail to render. So, after the return of the ca. sa., and before the expiration of the period of indulgence, his authority to receive and hold proceed from the same original order and the same right of bail.
The mistake has been in supposing that an order of court is necessary to authorize the render, whereas such order is only necessary to give effect to the render when made. The distinction is this : — a render, before return of the ca. sa., takes away the right of action against the bail, and may be pleaded in bar of such action ; on the contrary, by the return of the ca. sa. the right of action is established ; and the subsequent render, admitted by favor to discharge the bail, cannot be pleaded as a bar, but must be made effective by an order shewing that the court has granted its indulgence.
*558 In England, the right of the hail to render, and the formalities of a render, are just the same during the period of indulgence after the return of the ca. sa. as before the return of the ca. sa. ; and are just the same in vacation, during that period, as in term time. There is no reason why, with us, a render after the return of the ca. sa., if made within proper time, should be accompanied by formalities not required at other times, or should be confined only to term time. The words of the Act of 1809, dispensing with a Judge’s order as preliminary to the delivery of the body, are very general. The sheriff only has the means of knowing whether the bond has been discharged by other bail substituted under the Act of 1839. A Judge, either in court or at chambers, could resort to no bail piece unknown to the sheriff, and could regularly have no information concerning the bail bond beyond that derived from the sheriff.
Every render, however, should be an actual, honest delivery of the body to the custody of the sheriff, such as clearly to make the sheriff liable for a subsequent escape. In England, if the principal escape from the tip-staff to whom the Judge has delivered him with the committitur, the bail will be answerable; here, it will not suffice for the bail to offer the principal to the sheriff in the street, in his office, or other place where there may be chance of escape, unless the sheriff there, after full notice, expressly accept the body. The sheriff has the right to take time for all necessary inquiries, and (after ascertaining the right of the bail to render and his right to receive,) to require that the body be delivered in the jail, with exact notice of the case in which it is rendered. The bail, on their part, have a right to require the means of distinctly proving what has been done ; of which none can be so apt as a receipt from the sheriff, containing all necessary particulars. Prudent men will, in general, take care that written evidence be had on both sides.
That a render should be thus actual and honest is necessary in all cases, but especially so in case of a render after the return of the ca. sa., for it is the duty of the court to see that the rights of the plaintiff be not impaired by the *559 indulgence extended to the bail. Propriety seems to require that notice of the render should be given to the plaintiff or his attorney, whenever no ca. sa. is at the time in the hands of the sheriff; so that the plaintiff may decide whether to incur expense in detaining the principal, or to discharge him; and that, if no ca. sa. have issued, the defendant may be charged in execution ; or, if the ca. sa. have been returned, that further costs against the bail may be saved.
If, then, in the case before us, the render has been such as to charge the sheriff, the order which was signed seems to have been proper. But it is understood by this court, that the circumstances of the render were not particularly inquired into, and that the principal had escaped, before the motion on the part of the bail was made.
It is therefore ordered, that the order which was made be set aside; and that the bail have liberty to renew their motion, if they will, at some subsequent term, when more definite information concerning the supposed render may be had.
Richardson, O’Neall, Evans and Frost, JJ. concurred.